**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD G. JACKMAN, JR., | Civil No. 12-2414 (NLH) |
| Plaintiff, | |
| v. | OPINION |
| FED. BUREAU OF PRISONS, et al., | |
| Respondents. | |

**APPEARANCES**:

    DONALD G. JACKMAN, JR., #06804-068
    FCI Fairton
    P.O. Box 420
    Fairton, NJ  08320
    Plaintiff Pro Se

**HILLMAN, District Judge**:

    Before this Court is the "MOTION FOR A NEW TRIAL AND ALTERATION OR AMENDMENT OF JUDGMENT PER FEDERAL RULES OF CIVIL PROCEDURE RULE 59(a) & (e)" (ECF No. 4) submitted in the above matter by Donald G. Jackman, Jr., a federal prisoner at FCI Fairton.[1]  For the reasons expressed below, this Court will grant the motion to alter the Order entered on October 4, 2012, vacate the Order, and administratively

---

[1] Jackman is serving a 262-month term of imprisonment imposed on September 17, 2002, by Judge Maurice B. Cohill, Jr., after a jury found him guilty of possessing an unregistered destructive device, in violation of 26 U.S.C. § 5681(d), and he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  See United States v. Jackman, 72 Fed. App'x 862 (3d Cir. 2003).

terminate the case because Jackman did not prepay the $350 filing fee, as required by 28 U.S.C. § 1914(a) and Local Civil Rule 5.1(f).

## I.   BACKGROUND

On April 24, 2012, the Clerk received from Jackman a four-page typed document containing the caption "Donald G. Jackman, Jr., Plaintiff, v. Federal Bureau Of Prisons, Warden and Staff of F.C.I. Fairton, Respondents."  (ECF No. 1 at 1.)  Jackman labeled the document as a "MOTION FOR ISSUANCE OF ENFORCEMENT ORDER PER 18 U.S.C. § 3626(A)(1) AND INJUNCTIVE OR RESTRAINING RELIEF PER FED. R. CIV. PROC. RULE 65."  *Id.*  In the first paragraph of this Motion, Jackman asks this Court "to issue Order of Enforcement as authorized by 18 U.S.C. § 3621(a)(1), and to further issue Injunctive or Restraining relief per provisions of Federal Rules of Civil Procedure 65."  *Id.*  He further asserts that the Bureau of Prisons ("BOP") is violating 28 U.S.C. § 1915(b)(2) and depriving him of property rights by deducting more than 20% of the preceding month's income credited to his prisoner account.[2]  He seeks (1) "the return on monies 'taken'

---

[2] Section 1915(b)(2) applies to prisoners who are granted *in forma pauperis* status and thereby permitted to file a "suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor."  28 U.S.C. 1915(a)(1).  Section 1915(b)(2) provides:  "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. 1915(b)(2).

by the FBOP that were in excess of the 20% statutor[i]ly allowed;" (2) "injunctive relief and/or restraining relief allowable per the provisions of Fed. R. Civ. Proc. Rule 65(a) & (b), in order to stop the improper encumbering and taking of funds from Petitioner's trust fund account;" and (3) "enforcement order per 18 U.S.C. § 3626(a)(1) against the FBOP ordering their compliance with provisions of 18 [U.S.C.] § 1915(b)(2) as it relates to collection of filing fees." (Motion, ECF No. 1 at 2-3.)  Several documents are attached to the Motion, including two one-page BOP "TRULINCS Account Transactions – Commissary, Personal Inmate Information" sheet for Jackman dated April 1, 2012, and March 20, 2012, and various case summaries from Lexis.  (ECF No. 1 at 7-12.)

By Order entered October 4, 2012, this Court construed Jackman's "Motion" as a civil complaint, denied *in forma pauperis* status with prejudice pursuant to 28 U.S.C. § 1915(g), and administratively terminated the matter for statistical purposes, without prejudice to reopening in the event that Jackman paid the $350 filing fee for a civil action.  (Order, ECF No. 3.)

On October 19, 2012, the Clerk received from Jackman the motion presently before this Court.  Jackman labeled the motion "MOTION FOR A NEW TRIAL AND ALTERATION OR AMENDMENT OF JUDGMENT PER FEDERAL RULES OF CIVIL PROCEDURE RULE 59(a) & (e)." (ECF No. 4.)  By way of his motion, Jackman "move[s] this Honorable District Court for a new

trial, to alter or amend the judgment entered 10/4/2012," (ECF No. 4 at 1), and raises several objections to the Order. Jackman objects to (1) "the mischaracterization of his [initial] motion . . . as a pro se complaint and application to proceed in forma pauperis;" (2) the "determination that he had 'three strikes'" under 28 U.S.C. § 1915(g); (3) the denial of "pauper status when pauper status was not requested;" (4) "the abuse of discretion when the district court failed in its specific performance to address the merits of his request for enforcement order;" and (5) "the district court's failing in its specific performance to adjudicate this matter on the merits, to uphold prior precedent, and not previously compelling enforcement of a matter already decided." (Motion, ECF No. 1 at 1-4.)

In addition, Jackman insists that "a case or controversy exists," presumably between Jackman and the BOP. (Motion, ECF No. 1 at 2-3.) Jackman prays for the following relief: "grant the relief sought in this Motion;" "conduct a jury trial;" "enforce the judgments of the Third District Courts and that of the Fourth Circuit Court of Appeals in regards to the correct 20% to be taken;" and "grant any and all available relief requested or not by Petitioner." *Id.* at 4.

## II.  STANDARD OF REVIEW

Jackman labeled his motion as a motion to alter or amend this Court's Order denying *in forma pauperis* status with prejudice and

4

administratively terminating the action, without prejudice to reopening in the event that Jackman paid the filing fee of $350 within 30 days.  (Order, ECF No. 3.)  Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend a judgment" must be filed within 28 days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  "[A] proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

### III.  DISCUSSION

Jackman is correct that the Order entered October 4, 2012, recharacterized his "MOTION FOR ISSUANCE OF ENFORCEMENT ORDER PER 18 U.S.C. § 3626(A)(1) AND INJUNCTIVE OR RESTRAINING RELIEF PER FED. R. CIV. PROC. RULE 65" as a civil complaint.  He is also correct that he did not apply for *in forma pauperis* status.  Accordingly, this Court will grant Jackman's motion to alter the Order entered October 4, 2012.  This Court will vacate the Order and consider Jackman's "Motion" as labeled.

Section 1914 of Title 28 of the United States Code, which governs filing fees in United States District Courts, provides:

> (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding

>in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
>
>(b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
>
>(c) Each district court by rule or standing order may require advance payment of fees.

28 U.S.C. § 1914.[3]

Pursuant to 28 U.S.C. § 1914(c), this Court's Local Civil Rule 5.1(f) requires advance payment of the filing fee and provides: "Any papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon." Loc. Civ. R. 5.1(f).

The "MOTION FOR ISSUANCE OF ENFORCEMENT ORDER PER 18 U.S.C. § 3626(A)(1) AND INJUNCTIVE OR RESTRAINING RELIEF PER FED. R. CIV. PROC. RULE 65" (ECF No. 1 at 1) is a "civil action, suit or proceeding" within the meaning of 28 U.S.C. § 1914(a), but is not an application for a writ of habeas corpus. It follows that the fee to file Jackman's "Motion" is $350.[4] *See* 28 U.S.C. § 1914(a); *See In re Siyi*

---

[3] Effective May 1, 2013, the Judicial Conference of the United States prescribed an additional administrative fee of $50 for filing a civil action, suit, or proceeding in a district court. *See* 28 U.S.C. § 1914, Note, Judicial Conference Schedule of Fees.

[4] Because Donald G. Jackman, Jr., signed his "Motion" on April 16, 2012, the $50 administrative fee does not apply.

*Zhou*, 198 Fed. App'x 177 (3d Cir. 2006) (the fee for filing a civil action, suit or proceeding in 28 U.S.C. § 1914(a), which is not a habeas application, applies to the filing of a document labeled "Motion to Compel U.S. Attorney General Alberto Gonzales to Accord Victim's Rights and to Provide Victim's Services"), *cert. denied*, 552 U.S. 966 (2007).  It also follows that the Clerk cannot file Jackman's "Motion" until he pays this $350 fee or is granted permission to proceed *in forma pauperis*.[5]  *See* Loc. Civ. R. 5.1(f).

---

[5] If Jackman is unable to prepay the $350 filing fee, then he may apply for permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  When a prisoner seeks permission to file a civil action *in forma pauperis*, the Prison Litigation Reform Act ("PLRA") requires the prisoner to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security therefor, together with a copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint, certified by the appropriate official of each prison at which the prisoner is or was confined.  *See* 28 U.S.C. § 1915(a)(2).  The PLRA further provides that, if the prisoner is granted permission to file the complaint *in forma pauperis*, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00.  *See* 28 U.S.C. § 1915(b).  In addition, if the prisoner is granted permission to proceed *in forma pauperis*, then the PLRA requires the Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action *in forma pauperis* unless he or she is in imminent danger of

As Jackman has not prepaid the $350 filing fee or applied to proceed *in forma pauperis*, this Court will direct the Clerk to administratively terminate the matter, without prejudice to reopening if Jackman pays the $350 filing fee or submits to the Clerk an application to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915, within 30 days of the date of the entry of the Order accompanying this Opinion.

### III.  CONCLUSION

For the foregoing reasons, this Court grants Jackman's motion under Rule 59(e) to alter or amend the Order entered October 4, 2012, vacates said Order, and directs the Clerk to administratively terminate the matter.

s/ Noel L. Hillman<br>
**NOEL L. HILLMAN, U.S.D.J.**

DATED:    June 26   , 2013

At Camden, New Jersey

---

serious physical injury.  See 28 U.S.C. § 1915(g).